IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FREDDERICK ALLEN MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-169 |
| | ) | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Fredderick Allen Martin appeals the decision of the Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff applied for DIB and filed for SSI on May 30, 2017, alleging a disability onset date of February 4, 2015. Tr. ("R."), pp. 257-58, 269-270. Plaintiff was fifty-one years old at his application date and fifty-three years old at the time the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 257. Plaintiff applied for benefits based

on HIV, spinal stenosis, and bipolar disorder. R. 257-58. Plaintiff has a high school education and past relevant work history as a Food Demonstrator, Store Laborer, Food Service Manager, Server, and Hotel Clerk. R. 213-14.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 319-28, 334-41. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 204-05, and the ALJ held a hearing on December 13, 2019. R. 220-55. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Allan Billehuss, a Vocational Expert ("VE"). Id. On February 20, 2020, the ALJ issued an unfavorable decision. R. 204-15.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since February 4, 2015, the alleged onset date (20 C.F.R. 404.1571 *et seq*., and 416.971 *et seq*.).

2. The claimant has the following severe impairments: spinal stenosis and obesity (20 C.F.R. 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d). 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can also perform, (20 C.F.R. 404.1569, 404.1569(a), 416.969 and 416.969(a)). The claimant has not been under a disability,

      as defined in the Social Security Act, from February 4, 2015, through
      the date of this decision. (20 C.F.R. 404.1520(g) and 416.920(g)).

R. 206-15.

  When the Appeals Council denied Plaintiff's request for review, R. 1-7, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly evaluate the opinion of consultative examiner Dr. Nipun Patel under the applicable regulations. See Pl.'s Br., doc. no. 17. The Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 20.

## II. STANDARD OF REVIEW

  Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

    **A.  The ALJ Decision is Silent as to Consistency of Dr. Patel's Opinion**

        **1.  Step Four Framework for Formulating Plaintiff's RFC**

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to PRW.  20 C.F.R. § 416.920(a)(4)(iv).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms."  Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence."  Phillips, 357 F.3d at 1238.

        **2.  Evaluating Medical Opinions**

Prior to March 27, 2017, the Commissioner's regulations required the ALJ to give a treating physician's opinion substantial weight.  Hillsman v. Bowen, 804 F.2d 1179, 1181

(11th Cir. 1986) (*per curiam*).  Failure to give a treating physician's opinion substantial weight required the ALJ to show good cause.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987); see also Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*) ("The ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'").  Additionally, the Commissioner's regulations required that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists.  See 20 C.F.R. § 416.927(c)(1)-(2), (5).

Pursuant to the revised regulations, applicable to claims filed after March 27, 2017, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."  20 C.F.R. §§ 404.1520c(a) (2017); 416.920c(a) (2017).  Elimination of the treating source rule is intended to "eliminate confusion about a hierarchy of medical sources and instead focus adjudication" on the evidence, as well as discourage courts from reweighing the evidence in violation of the deferential substantial evidence standard of review.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, nature and length of the treatment relationship, specialization, and other miscellaneous factors.  20 C.F.R. §§ 404.1520c(c) (2017) & 416.920c(c)(1)-(c)(5) (2017).

Because supportability and consistency are the most important factors, the ALJ must articulate how these factors were considered for a medical source's opinions, but an ALJ is not required to articulate consideration of the remaining factors.  § 416.920c(b)(2); Uresti v. Comm'r of Soc. Sec., No. 2:20-CV-367-MAP, 2021 WL 2644549, at *4 (M.D. Fla. June 28, 2021).  "Under the new rule, the [ALJ] will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." Mackey v. Saul, 2:18-cv-02379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2) (2017)).  In assessing supportability and consistency, the ALJ's analysis focuses on whether the medical source's opinion is supported by the objective medical evidence and supporting explanations and consistent with the other medical and nonmedical sources in the record.  20 C.F.R. §§ 404.1520c(c)(1)-(2) (2017) & 416.920c(c)(1)-(2) (2017).

Furthermore, the ALJ need not articulate how it considered the factors for each medical opinion or prior administrative medical finding from one medical source individually. Freyhagen v. Comm'r of Soc. Sec. Admin., No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing 20 C.F.R. § 404.1520c(b)(1) (2017)).  "Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), [the Commissioner] will articulate how [it] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis." 20 C.F.R. §§ 416.920c(b)(1) (2017) & 404.1520c(b)(1) (2017).  Courts recognize the new regulations erect a framework that is highly deferential to the Commissioner.  See Cook v. Comm'r of Soc. Sec., No. 6:20-CV-1197-RBD-DCI, 2021 WL 1565832, at *4 (M.D. Fla. Apr. 6, 2021), *adopted by*, Cook v. Comm'r of Soc. Sec., No. 6:20-CV-1197-RBD-DCI,

2021 WL 1565162 (M.D. Fla. Apr. 21, 2021) (affirming ALJ's rejection of treating source opinion because inconsistent and unsupported by record); Bunn v. Soc. Security Admin., Comm'r, No. 2:20-CV-00218-HNJ, 2021 WL 1171537, at *9 (N.D. Ala. Mar. 29, 2021) (same).

### 3. The ALJ Failed to Articulate the Consistency Factor of Dr. Patel's Opinion

The ALJ discredited Dr. Patel's opinion of Plaintiff being unable lift or carry heavy loads and having postural limitations in bending, stooping, crouching, and "so on." R. 211. The ALJ found Dr. Patel's opinion as less persuasive due to its issuance prior to the relevant time period and incongruence with the exam findings. Id. To the extent Dr. Patel opined on Plaintiff's ability to perform work, under the regulations the ALJ "must consider [the] opinion, assess [its] persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency." See Brown v. Comm'r of Soc. Sec., 2021 WL 2917562 at *4 (citing 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); Pierson v. Comm'r of Soc. Sec., No. 6:19-cv-01515, 2020 WL 1957597 at *6 (M.D. Fla. Apr. 8, 2020) ("As an initial matter, the new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020)). Plaintiff concedes the supportability factor is not at issue in this case. See Pl.'s R. Br., doc. no. 21. However, the ALJ made no statement directly addressing the consistency of Dr. Patel's opinion with the record as a whole. R. 211.

The Commissioner goes to great lengths to show that even if the ALJ failed to directly state the consistency factor of Dr. Patel's opinion, the ALJ implicitly addressed this factor and regardless of persuasiveness, Dr. Patel's opinion fails to evidence debilitating impairments.

8

Comm'r's Br. pp. 6-10.  However, the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered.  Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's applications.  However, in the absence of *any* direct statement as to the consistency of Dr. Patel's opinion by the ALJ, the Court cannot affirm the administrative decision as supported by substantial evidence.  See Brown, 2021 WL 2917562 at *4   As such, remand is warranted.  The Court need not reach Plaintiff's remaining contentions.  Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.")

Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 7th day of January, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA